PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSNATIONAL FOODS, INC., a Florida corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:18-cv-4651<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Renee Young ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## INTRODUCTION

1.    Defendant Transnational Foods, Inc. ("Defendant") manufactures, markets, and sells olive oil labeled as "Pampa Extra Virgin Olive Oil" ("Pampa EVOO").

2.    In reality, extensive clinical testing conducted by a leading laboratory – measuring the key variables of (1) Free Fatty Acid, (2) Peroxide Value (Acetic Acid-Isooctane Method), (3) Specific Extinction, (4) Ultraviolet Absorption, (5) Sensory analysis, (6) Insoluble Impurities, (7) Copper (ICP-AES), and (8) Moisture & Volatile Content – conclusively establishes that Pampa EVOO is not Extra Virgin Olive Oil.

3.    Defendant's misrepresentations regarding Pampa EVOO are designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that Pampa EVOO in fact is Extra Virgin Olive Oil.  Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for Pampa EVOO but for Defendant's misrepresentations.

4.    Plaintiff brings this class action lawsuit to enjoin the ongoing deception of consumers by Defendant, and to recover the money taken by this unlawful practice.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

6.    The Court has jurisdiction over the state law claim because it forms part of the same case or controversy under Article III of the United States Constitution.

7.    The Court has personal jurisdiction over Defendant because its Pampa EVOO product is advertised, marketed, distributed and sold throughout the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout

CLASS ACTION COMPLAINT

the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial activity within the State of California.

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Pampa EVOO product at issue in this action in this judicial district, and it conducts business within this judicial district.

## PARTIES

9. Plaintiff Renee Young is a citizen of the State of California and resides in Windsor, California. Plaintiff purchased the Pampa EVOO product for personal consumption during the last four years in Santa Rosa, California.

10. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Transnational Foods, Inc. is a Florida corporation with its principal place of business located in Miami, Florida. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Northern District of California.

11. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or

CLASS ACTION COMPLAINT

scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Transnational Foods, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL ALLEGATIONS

13.    Defendant manufactures, markets, and sells Pampa EVOO as Extra Virgin Olive Oil.

14.    Plaintiff purchased and consumed the Pampa EVOO product in June 2018 in reliance on Defendant's advertising and labeling of the "Pampa EVOO" product as Extra Virgin Olive Oil. Specifically, Plaintiff and the Class purchased the "Pampa "EVOO" product for the dual purpose of consuming it and determining its authenticity as Extra Virgin Olive Oil.

15.    As noted above, extensive clinical testing conducted by a leading laboratory – measuring the key variables of (1) Free Fatty Acid, (2) Peroxide Value (Acetic Acid-Isooctane Method), (3) Specific Extinction, (4) Ultraviolet Absorption, (5) Sensory analysis, (6) Insoluble Impurities, (7) Copper (ICP-AES), and (8) Moisture & Volatile Content – conclusively establishes that Pampa EVOO is not Extra Virgin Olive Oil. Accordingly, Defendant's statements that the "Pampa EVOO" product is Extra Virgin Olive Oil are false and misleading.

16.    As further noted above, Defendant's misrepresentations regarding Pampa EVOO are designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that Pampa EVOO in fact is Extra Virgin Olive Oil. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for Pampa EVOO but for Defendant's misrepresentations.

17.    Plaintiff purchased the Pampa EVOO product based on the preceding false advertising claims. As a result, Defendant has wrongfully taken hundreds of thousands of dollars from consumers.

CLASS ACTION COMPLAINT

18.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the funds taken by this unlawful practice.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class (collectively, the "Class" or "Classes"), defined as:

**All California residents who made retail purchases of Defendant's Pampa EVOO product during the applicable limitations period up to and including final judgment in this action.**

20.     The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

21.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

22.     The Pampa EVOO products sold by Defendant suffer from illegal product labeling and advertising.

23.     <u>Numerosity</u>: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the Pampa EVOO products it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so

numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

24.    Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

25.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that she has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

26.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

27.    Common Questions Predominate: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

    i.    Whether Defendant's claim that the Pampa EVOO product is Extra Virgin Olive Oil is accurate;

    ii.    Whether Defendant's product claims are properly substantiated;

    iii.    Whether Defendant has falsely represented that the Pampa EVOO product has characteristics and benefits which it does not have;

    iv.    Whether Defendant knew that its product claims were false;

v.     Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

vi.     Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

vii.     Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

viii.     Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

ix.     Whether Plaintiff and Class members are entitled to restitutionary relief; and

x.     Whether Plaintiff and Class members are entitled to injunctive relief.

28.     The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude her maintenance of this matter as a Class action.

29.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

30.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31.     The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for

CLASS ACTION COMPLAINT

Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

32.   Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT,**
**(CAL. CIV. CODE § 1750, *ET SEQ*.)**

**(By Plaintiff and on Behalf of the Class Against Defendant)**

33.   Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

34.   Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

35.   Plaintiff and the Class Members are consumers who purchased the Pampa EVOO product for personal, family or household purposes. Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

36.   The Pampa EVOO products that Plaintiff and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

37.   Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

38.   Defendant violated California law because the Pampa EVOO products are marketed as Extra Virgin Olive Oil when they in fact are not Extra Virgin Olive Oil.

39.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes illegal and unlawful competition.

40.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes illegal and unfair methods of competition.

41.     Given the materiality of Defendant's misrepresentations, absent Class Members are entitled to a presumption of reliance.

42.     Plaintiff and the Class suffered injuries caused by Defendant because the Pampa EVOO products, which were advertised as Extra Virgin Olive Oil, in fact were not Extra Virgin Oil.

43.     On or about June 21, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent Transnational Foods, Inc., individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the letter is attached hereto as Exhibit 1.

44.     Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

45.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

46.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.    Specifically, Plaintiff purchased the Pampa EVOO product in reliance on Defendant's marketing claims.  Plaintiff later learned, on the basis of the testing described herein, that the Pampa EVOO product was not in fact Extra Virgin Olive Oil.

47.    Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about the Pampa EVOO product.

48.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Pampa EVOO product to Plaintiff, Class members, and the consuming public that the Pampa EVOO product is Extra Virgin Olive Oil.

49.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Pampa EVOO product is not of the standard, quality or grade advertised, and is in reality, not Extra Virgin Olive Oil.

50.    By disseminating and publishing these statements in connection with the sale of Pampa EVOO, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

51.    As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

CLASS ACTION COMPLAINT

52.     Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

53.     Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future.  There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

## THIRD CAUSE OF ACTION

## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

### (By Plaintiff and on Behalf of the Class Against Defendant)

54.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

55.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased the Pampa EVOO product in reliance on Defendant's marketing claims.  The product was not of the standard, quality and grade advertised; specifically, it was not Extra Virgin Olive Oil.

56.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

57.     Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of

CLASS ACTION COMPLAINT

the Pampa EVOO product to Plaintiff, Class members, and the consuming public that the Pampa EVOO product was Extra Virgin Olive Oil.

58.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Pampa EVOO product is not of the standard, quality or grade advertised.

59.    Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Pampa EVOO product as set forth herein.

60.    Defendant's business practices, as alleged herein, are unlawful because they violate the Consumers Legal Remedies Act and False Advertising Law.

61.    Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Pampa EVOO product has characteristics and benefits it does not have.

62.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling the Pampa EVOO product in a manner likely to deceive the public.

63.    As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Pampa EVOO product.  Plaintiff and members of the Class would not have purchased or would have paid less for the Pampa EVOO product had they known that it was not as represented.

64.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring

Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

### FOURTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (By Plaintiff and on Behalf of the Class Against Defendant)

65.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

66.    During the Class Period, Defendant misrepresented to consumers through the advertising, marketing, and sale of the Pampa EVOO product that the Pampa EVOO product was Extra Virgin Olive Oil.

67.    Defendant's misrepresentations were false because the Pampa EVOO product is not Extra Virgin Olive Oil.

68.    Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the Pampa EVOO product.

69.    Defendant's material misrepresentations regarding the characteristics of the Pampa EVOO product are false and made without reasonable grounds for believing them to be true.

70.    Defendant made material misrepresentations regarding the Pampa EVOO product with the intent to induce Plaintiff and Class members to purchase and the Pampa EVOO product.

71.    Plaintiff and Class members reasonably relied on Defendant's material misrepresentations in choosing to purchase and consume the Pampa EVOO product.

72.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have incurred damages in an amount to be proven at trial.  Plaintiff and Class members are not seeking damages arising out of personal injuries.

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

(B) For damages suffered by Plaintiff and Class members;

(C) For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

(D) For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

(E) For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

(F) For Plaintiff's costs of the proceedings herein;

(G) For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded pursuant to, *inter alia*, Cal. Civ. Code § 1780(e) and Cal. Civ. Proc. Code § 1021.5; and

(I) For such other and further relief as the Court deems just and proper.

Date: August 2, 2018                     Respectfully submitted,

                                         PACIFIC TRIAL ATTORNEYS
                                         A Professional Corporation


                                         By:  */s/Scott J. Ferrell*
                                               Scott J. Ferrell
                                               Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1

## **DEMAND FOR TRIAL BY JURY**

2       Plaintiff, individually and on behalf of all others similarly situated, hereby

3  demands a jury trial on all claims so triable.

4

5  Date: August 2, 2018          Respectfully submitted,

6                               PACIFIC TRIAL ATTORNEYS

7                               A Professional Corporation

8

9                         By: * /s/Scott J. Ferrell*_____

10                               Scott J. Ferrell
                                 Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT