UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE YOUNG, <br>     Plaintiff, <br> v. <br> TRANSNATIONAL FOODS, INC., <br>     Defendant. | Case No. 18-cv-04651-EMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Docket No. 24 |

Plaintiff Renee Young purchased Pampa EVOO, a product of Defendant Transnational Foods. Docket No. 22 ("FAC") ¶ 9–10. Defendant sells and labels this product as "Extra Virgin Olive Oil." *Id.* ¶ 14. However, Plaintiff argues that Pampa EVOO is not actually extra virgin olive oil, and she would not have purchased the product but for the misleading labeling. "Plaintiff and class members will not purchase the Pampa EVOO product in the future, although they would like to do so, unless and until Defendant takes corrective action. *Id.* ¶ 18. She brings a class action for: (1) violation of California Civil Code section 1750, et seq. California Consumer Legal Remedies Act ("CLRA"); (2) violation of California Business and Professional Code sections 14500, et seq. California's False Advertising Law; (3) California Business and Professional Code sections 17200, et seq. Unlawful, Fraudulent and Unfair Business Practices. All of Plaintiff's claims arise from Defendants labeling Pampa EVOO as extra virgin olive oil even though it is her contention that it is not actually extra virgin olive oil.

Defendants seek dismissal arguing the Court lacks subject matter jurisdiction because Plaintiff has not met the amount in controversy requirement for Class Action Fairness Act ("CAFA"), Plaintiff lacks standing to seek injunctive relief, and she failed to state a claim for purposes of Federal Rules of Civil Procedure 8 and 9(b). Docket No. 24 ("Mot."). On January 17,

2019, the Court heard arguments from both parties on Defendant's motion. During the hearing, a question was raised as to the amount of Defendant's sales in California of Pampa EVOO. The Court allowed Plaintiff jurisdiction discovery with respect to Defendant's sales in California. Defendant filed a supplemental declaration from Juan Iribarne the Chief Financial Officer of Transnational Foods. Docket No. 40 ("Iribarne Decl."). The declaration states that from January 1, 2014 to July 2018 "Transnational's sales of Pampa EVOO to its customers in the state of California totaled eighty-seven thousand two hundred dollars ($87,283)." Iribarne Decl. ¶ 4.

The Court agrees with Defendant that Plaintiff has not met the five million-dollar CAFA amount in controversy requirement for subject matter jurisdiction.

As stated in the Court's minute order on January 17, 2019, the Court finds that Plaintiff does have standing to seek injunctive relief under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Plaintiff has stated that she will not purchase the product but would like to if corrective action was taken. FAC ¶ 18. For this reason, Plaintiff have standing to seek injunctive relief, and the Court considers this in the calculation of the amount in controversy.

However, Defendant's sales in California amount to only $87,283 covering a period of over three and a half years. The Court does not find support for Plaintiff potentially receiving punitive damages greater than a single digit multiplier. Further, it is extremely unlikely the Court would award Plaintiff attorneys' fees exceeding the 25 percent benchmark.[1] Finally, Plaintiff has not shown that the value of the injunctive relief would cover the substantial difference to achieve an amount of in controversy exceeding five million-dollars as required by CAFA.

---

[1] The Court **GRANTS** Plaintiff's Request for Judicial Notice of Plaintiff's Exhibit 3 (an order granting attorneys' fees in *Kissel v. Code 42 Software, Inc.*, No. SACV 15-1936-JLS (KES) (C.D. Cal. Feb. 20, 2018)); Plaintiff's Exhibit 4 (an order granting attorneys' fees in *Reed v. 1-800 Contacts, Inc.*, No. 12-cv-02359-JMBGS, 2014 WL 29011, at *7, *9, *10 (S.D. Cal. Jan. 2, 2014)). Plaintiff's request to judicially notice Exhibit 5 (the declaration of Professor Geoffrey P. Miller) shall be denied except as to the fact that it is part of the public record. *See Steward v. West*, No. CV 13-02449 BRO (JCx), 2014 U.S. Dist. LEXIS 186012, at *14 (C.D. Cal. Aug. 14, 2014) ("Assuming Plaintiffs are seeking to introduce the contents of these declarations rather than the existence of them as a public record—which would certainly be irrelevant—the Court must have an independent basis for doing so."). Plaintiff's remaining requests for judicial notice are denied as they relate to the moot Motion to Dismiss for failure to state a claim. Similarly, the Court **DENIES** Defendant's request for judicial notice as moot, because the requested documents relate to the moot Motion to Dismiss for failure to state a claim.

For the reasons stated herein, on the record, and in the January 17, 2019 minute order, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Court finds that Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted is moot.

This order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: February 19, 2019

_____
EDWARD M. CHEN
United States District Judge